Opinion of the Court, by
Ch. J. Boyle.
THIS is a bill, with injunction, filed by the appellants against the appellee, to restrain him from proceeding upon a judgment he had obtained at law, for a part of the price of a negro woman sold by him to the appellant, Davis. The bill alleges that the appellee sold her as a slave, and executed a deed of bargain and sale, with warranty, accordingly; that, prior to the sale, the said negro, by a judgment of a competent court in the state of Ohio, had been declared free and released from servitude; that the appellee was fully apprised of said judgment, and had, in violation of it, seized and brought the said negro to this state by force, and that since the sale by him to the appellant, she has asserted her freedom, and is going at large, unmolested.
The appellee admits he sold the said negro to the appellant, and executed a deed of bargain and sale therefor; and he also admits that he knew of the judgment mentioned in the bill, and that he, with others, had brought her from the state of Ohio to this state, by force; but he alleges that she was a slave, the proper the representatives of Richard Sandford, deceased, from whom he purchased her, and that she *207 was a fugitive from this state; and insists that the judgment declaring her free was not binding upon him or those under whom he claims, as they were not parties thereto. He further charges, that the appellant, Davis, was fully apprised of the said judgment, and of the negro’s claim to freedom under it, and that he purchased expressly upon the terms that he would run the risk of that claim, and that the appellee should be in no manner bound to warrant against it. He also charges, that since his purchase the appellant has sold the negro for more than he gave, and denies that she is going at large and unmolested.
On a final hearing, the court below decreed that the injunction should be dissolved, and the bill dismissed with costs and damages; from which decree this appeal is prosecuted.
The material allegations in the answer are very clearly supported by the testimony in the cause. In support of the facts, that the appellant, Davis, had full knowledge of the negro’s claim to freedom under the judgment obtained by her in the state of Ohio, and that he purchased subject to that claim, there is a mass of evidence, to which the most incredulous mind must feel itself constrained to yield the most implicit confidence. It is impossible, therefore, to doubt that substantial justice is on the side of the appellee. The only colour or pretence for the relief asked for by the appellants, is founded upon the supposition that the evidence is incompatible with the deed of bargain and sale, and being parol, is therefore inadmissible. But, upon examination, we can perceive no such discordance between the evidence and the deed of bargain and sale, as is supposed. The deed states the negro to be a born slave, and contains a warranty against all persons who “shall claim her as such” The parol evidence is not incompatible with these expressions. The appellee is no more liable, upon the terms of the contract as stated in the deed, than he is according to the terms of the contract as detailed by the witnesses; for it is neither alleged nor proved that the negro was not a born slave, nor is it pretended that any person has set up claim to her as such, in opposition to the claim derived from the appellee.
The decree of the court below is therefore correct, and must be affirmed with costs and damages upon the damages.